# EXHIBIT B

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Utah

**SEALED**

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

E-mail accounts for e-mail address aisc04@aol.com and bme2012@aol.com, stored at the premises owned, maintained, or operated by AOL Inc.

Case No. 2:12mj216 - EJF

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Eastern__ District of __Virginia__
*(identify the person or describe the property to be searched and give its location):*
See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*
See Section II of Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before __August 16, 2012__
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
*(name)*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for __30__ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __2:45 August 2, 2012__    *Evelyn J Furse*
                                                  *Judge's signature*

City and state: __Salt Lake City, Utah__    __Evelyn J Furse Magistrate Judge__
                                             *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: 8-6-12  2:06 P | Copy of warrant and inventory left with: via Fax: (703) 265-2305 |
| Inventory made in the presence of: | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

*I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.*

Date: _____            _____
                                          *Executing officer's signature*

                                          _____
                                          *Printed name and title*

Subject to Protective Order                                                         US00121369

## ATTACHMENT A

The premises to be searched and seized is the e-mail account identified as aisc04@aol.com and bme2012@aol.com, other user-generated data stored with that account, and associated subscriber, transactional, user connection information associated with that account, as described further in Attachment B, all of which is maintained by AOL, which accepts service of process at:

        Public Safety and Criminal Investigations Unit
        Attn: Custodian of Records
        AOL Inc.
        22000 AOL Way
        Dulles, VA 20166
        (Fax) (703) 265-2305

Subject to Protective Order
US00121370

## ATTACHMENT B

I. **Search Procedure**

   A. Within fourteen days of the search warrant's issue, the warrant will be presented to AOL personnel, who will identify the account and files to be searched, as described in Section II below.

   B. AOL will then create an exact electronic duplicate of that account and files ("the account duplicate").

   C. AOL will provide the account duplicate to law enforcement personnel.

   D. Law enforcement personnel will then search the account duplicate for the records and data to be seized, which are described in Section III below.

   E. If AOL provides data that was created after fourteen days from the warrant's issue ("late-created data"), law enforcement personnel shall not knowingly review the contents of the late-created data without a follow-up warrant or court order.

II. **Accounts and Files to Be Copied by AOL Personnel**

   A. All data files associated with the e-mail addresses or accounts designated aisc04@aol.com and bme2012@aol.com, including, without limitation:

      1. The contents of all e-mail, whether draft, deleted, sent, or received;

      2. The contents of all text or instant messages;

      3. The contents of all electronic data files, whether word-processing, spreadsheet, image, video, or any other content;

      4. The contents of all calendar data;

      5. Lists of friends, "buddies", contacts, or other subscribers;

Subject to Protective Order                                                                                               US00121371

6. Records pertaining to communications between AOL and any person regarding this account and any e-mail accounts associated with this address[*], including, without limitation, contacts with support services and records of actions taken.

B. All subscriber and transactional records for the aisc04@aol.com and bme2012@aol.com e-mail accounts and any associated e-mail accounts and secondary contact e-mail accounts, including:

1. Subscriber information for this and any associated e-mail accounts:

   a. Name(s) and AOL account identifiers;

   b. Address(es);

   c. Records of session times and durations;

   d. Length of service (including start date) and types of service utilized;

   e. Telephone instrument number of other subscriber number or identity, including any temporary assigned network address;

   f. The means and source of payment for such service (including any credit card or bank account number); and

   g. The Internet Protocol address used by the subscriber to register the account or otherwise initiate service.

2. User connection logs for any connections to or from this and any associated e-mail accounts, including:

   a. Connection time and date;

   b. Disconnect time and date;

2

[*] associated accounts means any email account opened by your company Michael Taylor, Johannes Thaler, or Robert Lustyik TMT ES

Subject to Protective Order                                                    US00121372

  c. The IP address that was used when the user connected to the service;

  d. Source and destination of any e-mail messages sent from or received by the account, and the date, time, and length of the message;

  e. Any address to which e-mail was or is to be forwarded from the account or e-mail address;

  f. Any e-mail address that is a secondary e-mail contact for the account or for which the account serves as a secondary e-mail contact.

III. **Records and Data to Be Seized by Law Enforcement Personnel**

 A. Evidence, fruits, or instrumentalities of violation of 18 U.S.C. §§ 1503 (a) (Influencing or Injuring Officer or Juror Generally), 208 (Acts Effecting a Personal Financial Interest), 1341, 1343, and 1346 (Honest Services Mail and Wire Fraud) involving Robert Lustyik or Michael Taylor since January 1, 2009, including, without limitation, information relating to:

  1. All communications between or among Robert Lustyik, Michael Taylor, including Taylor's business e-mail addresses;

  2. All records pertaining to any business relationship between or among Robert Lustyik, Michael Taylor, and Johannes "Hannes" Thaler;

  3. All records or communications consisting of or pertaining to Robert Lustyik's contact with Michael Taylor's business or business associates, including Johannes "Hannes" Thaler;

Subject to Protective Order

US00121373

4. All records or communications consisting of or pertaining to Robert Lustyik's contact with individuals concerning the investigation of Michael Taylor and/or AISC;

5. All records or communications pertaining to Michael Taylor providing Robert Lustyik or Johannes "Hannes" Thaler with anything of value;

6. The identity of the person or persons who have owned or operated the aisc04@aol.com and bme2012@aol.com e-mail accounts or any associated e-mail accounts;

7. The existence and identity of any co-conspirators;

8. The travel or whereabouts of the person or persons who have owned or operated the aisc04@aol.com and bme2012@aol.com e-mail accounts or any associated e-mail accounts;

9. The identity, location, and ownership of any computers used to access this e-mail account;

10. Other e-mail or Internet accounts providing Internet access or remote data storage for Taylor or any associated e-mail accounts; and

11. The existence or location of paper print-outs of any data from any of the above.

B. All of the subscriber and transactional records described in Sections II(B).

4

Subject to Protective Order
US00121374