# EXHIBIT L

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Utah


SEALED

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

a Verizon Wireless LG VN-150 (CDMA) cellular telephone bearing Mobile Equipment Identifier # A000003413603F

)
)
)
)
)
)

Case: 1:12-mj-746
Assigned To : Magistrate Judge John M. Facciola
Assign. Date : 9/21/2012
Description: Search And Seizure Warrant

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the _____ District of ___Columbia___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. section 1503(a) | Influencing or Injuring Officer or Juror Generally |
| 18 U.S.C. section 208 | Acts Affecting a Personal Financial Interest |
| 18 U.S.C. sections 1343, 1346 | Honest Services Wire Fraud |

The application is based on these facts:
See attached Affidavit of Special Agent Harry A. Lidsky

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Harry A. Lidsky, DOJ-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___09/21/2012___

*Judge's signature*

City and state: ___Washington, District of Columbia___    Honorable John M. Facciola, Magistrate Judge
*Printed name and title*

Subject to Protective Order                                                                                                   US00121552

Case: 1:12-mj-746
Assigned To : Magistrate Judge John M. Facciola
Assign. Date : 9/21/2012
Description: Search And Seizure Warrant



SEALED

# AFFIDAVIT OF SPECIAL AGENT HARRY A. LIDSKY
## IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Harry A. Lidsky, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent (SA) with the United States Department of Justice Office of the Inspector General (DOJ-OIG), Washington Field Office, and have been so employed since March 2010. From October 1999 to September 2005, I was employed as an SA with the Drug Enforcement Administration (DEA). I graduated from the DEA Basic Agent Training Academy program in February 1999. My duties with the DOJ-OIG include investigating allegations of criminal and administrative misconduct by DOJ personnel, including Federal Bureau of Investigation (FBI) employees, as well as allegations of waste, fraud, and abuse regarding DOJ personnel and programs. I have received training in many subject areas, including public corruption and financial crimes. I have also conducted and/or assisted in investigations involving abuse of position and obstruction of justice by federal law enforcement personnel and others.

2.  DOJ-OIG is currently investigating FBI Special Agent Robert Lustyik, Jr., who is assigned to a counterintelligence squad in the FBI's New York Division, for attempting to influence the investigation by federal law enforcement officers and prosecutors in the District of Utah of allegations of theft of federal funds, wire fraud, and money laundering involving Michael Taylor, an individual with whom Lustyik has a personal business relationship. On September 17, 2012, a criminal complaint was filed in the District of Utah against Michael Taylor charging him with 18 U.S.C. § 371(Conspiracy); 18 U.S.C. §§ 1343, 1346 (Honest

Services Wire Fraud); 18 U.S.C. § 1503(a)(Obstruction of Justice); 18 U.S.C. § 1505 (Obstruction of Proceeding before Department or Agency); and 18 U.S.C. § 2 (Aiding and Abetting). A copy of the amended complaint and the supporting affidavit is attached as Exhibit 1 and incorporated herein by reference. Person One in Exhibit 1 is Robert Lustyik. Person Two is Johannes Thaler.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Verizon Wireless LG VN-150 (CDMA) cellular telephone bearing Mobile Equipment Identifier (MEID) #: A000003413603F. It is grey in color and is a flip-style cellular telephone w/built in camera. This Verizon Wireless phone is hereinafter referred to as the "Device."

5. The Device is currently in DOJ-OIG custody within the District of Columbia.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

7. The Device is the primary phone used by defendant Michael TAYLOR. As set out in Exhibit 1, TAYLOR has been involved in an on-going conspiracy to obstruct a criminal prosecution of him and his company for contract fraud.

8. The Device is currently in the lawful possession of DOJ-OIG. It came into the DOJ-OIG's possession in the following way: DOJ-OIG Special Agent Thomas M. Hopkins,

Subject to Protective Order US00121554

along with other federal agents, arrested TAYLOR pursuant to an arrest warrant issued as the result of the amended criminal complaint attached hereto as Exhibit 1. The Device was seized incident to that arrest. Therefore, while the DOJ-OIG might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

9. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the DOJ-OIG.

10. During his arrest TAYLOR indicated that the Device belonged to him. TAYLOR also identified his cellular telephone number 617-590-1001.

11. During the course of the investigation, TAYLOR has routinely used the Device to contact Lustyik and Thaler. Data obtained from Thaler's iPhone searched pursuant to a search warrant issued in the District of Connecticut, indicates that TAYLOR was using the Device to contact his co-conspirators as recently as September 17, 2012, the night before his arrest. Specifically, the search of Thaler's phone indicates that it received a call from Mike Taylor, (617) 590-1001, at 4:54 pm that lasted for three minutes at twelve seconds. At 5:02 pm, Thaler then texted Lustyik that "MT is at the airport heading for Utah to be formally arraigned. Will find out about transaction tomorrow. He said there's a meeting Wed about possible change of venue."

12. Data obtained from Thaler's iPhone revealed a total of 10 telephone calls between Thaler's iPhone and the Device between August 21 and September 17.

Subject to Protective Order                                                                                                                    US00121555

13. Data obtained from Lustyik's personal Blackberry searched pursuant to a search warrant issued in the Southern District of New York indicates that TAYLOR was using the Device as recently as September 7, 2012 to communicate with Lustyik.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

4

15. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone and digital camera. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

5

Subject to Protective Order
US00121557

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Subject to Protective Order

US00121558

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

## REQUEST FOR SEALING

I request that this Application and Warrant be sealed by the Court until such time as the Court directs otherwise. Such an Order is justified because notification of the Application, the Court's warrant, or the execution of the warrant could seriously jeopardize the ongoing investigation of not only Michael Taylor but also of his co-conspirators, who have not yet been charged. Such disclosure could give Taylor and his co-conspirators an opportunity to destroy evidence, notify confederates, or flee or continue flight from prosecution.

Respectfully submitted,

Harry A. Lidsky
Special Agent
Department of Justice, Office of Inspector General

SEP 21 2012

Subscribed and sworn to before me on Septembe\_ ,012;

UNITED STATES MAGISTRATE JUDGE

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

7

Subject to Protective Order                                                                                                    US00121559

## ATTACHMENT A

The property to be searched is a Verizon Wireless LG VN-150 (CDMA) cellular telephone bearing Mobile Equipment Identifier (MEID) #: A000003413603F. It is grey in color and is a flip-style cellular telephone w/built in camera, hereinafter the "Device." The Device is currently located in DOJ-OIG custody in the District of Columbia.

## ATTACHMENT B

Evidence, fruits, or instrumentalities of violation of 18 U.S.C. § 1503(a) (Influencing or Injuring Officer or Juror Generally), 208 (Acts Affecting a Personal Financial Interest), 1341, 1343, and 1346 (Honest Services Mail and Wire Fraud) involving Robert Lustyik, Michael Taylor or Johannes Thaler since January 1, 2010, including, without limitation, information relating to:

  a. All communications between or among Michael Taylor, Robert Lustyik, and Johannes Thaler;

  b. All records pertaining to any business relationship between or among Robert Lustyik, Michael Taylor, and Johannes Thaler;

  c. All records or communications consisting of or pertaining to Robert Lustyik's contact with Michael Taylor's business or business associates, including Johannes Thaler;

  d. All records or communications consisting of or pertaining to Robert Lustyik's contact with individuals concerning the investigation of Michael Taylor and/or AISC;

  e. All records or communications pertaining to Michael Taylor providing Robert Lustyik or Johannes "Hannes" Thaler with anything of value;

  f. The existence and identity of any co-conspirators;

  g. The travel or whereabouts of the person or persons who have owned or operated the Device; and

      h.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history

Subject to Protective Order      US00121562