IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID YOUNG, et al.,<br><br>        Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:12-CR-502-TC-DBP |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, et al.,<br><br>        Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:12-CR-645-TC-DBP |

Defendant Michael Taylor is currently in the custody of the U.S. Marshal under an order mandating pre-trial detention. He has filed a Motion for Reconsideration of the Order Continuing Defendant Taylor's Pretrial Detention (Docket No. 397 in 2:12-CR-502, and Docket No. 439 in 2:12-CR-645). He contends that the length of his detention violates due process. The court has reviewed the parties' briefs, the attachments, and the letters submitted to the court by individuals who know Mr. Taylor and vouch for his honesty and character. For the reasons set forth below, the court finds that the information Mr. Taylor has submitted on his behalf is not

new evidence and is not sufficient to change the court's conclusion that his pre-trial detention does not violate due process.

In order to succeed on a motion for reconsideration, the party must establish one of three circumstances: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is inappropriate when used "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Id.

Mr. Taylor has not presented any change in the law, new evidence, or clear error. Instead, he relies on the fact that the since the last order denying his request for release from pretrial detention, the trial date has been delayed. At the time of the court's last order denying his request for release, a five-week trial was set for November 12, 2013. In the court's August 22, 2013 Amended Order (Docket No. 359 in the '502 case, and Docket No. 414 in the '645 case), the court found that "by the end of trial, Mr. Taylor will have been in custody for approximately sixteen months." (Id. at 6.) The court found that a sixteen-month-long detention, given the circumstances, would not violate Mr. Taylor's due process rights.

Mr. Taylor has been in custody since September 18, 2012, almost exactly thirteen months from the date of this order. Even with the new trial date of January 6, 2014, by the end of the five-week trial, Mr. Taylor will have been in custody for seventeen months, or one month longer than the court anticipated in the last order. At this point, the circumstances have not significantly changed. An additional month does not constitute a violation of due process.

2

If the circumstances change in any substantive way, the court will revisit Mr. Taylor's request at that time. In the meantime, his motion for reconsideration is DENIED.

SO ORDERED this 17th day of October, 2013.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge